Charles F. Peterson ISB No. 3346
Courtney M. Peterson ISB No. 8002
PETERSON LAWYERS
913 W. River Street, Suite 420
Boise, Idaho  83702-7081
Telephone (208) 342-4633
FAX (208) 336-2059

Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. CR-13-120-S-EJL |
| vs. | **MOTION FOR APPOINTMENT OF CO-COUNSEL** |
| FAZLIDDIN KURBANOV, | |
| Defendant. | |

The Defendant, Fazliddin Kurbanov, through counsel moves this Court for the appointment of co-counsel.

Counsel undersigned has spoken to the United States Attorney's office with regard to this motion and it takes no position.

The Court is aware of the nature of the case, the charges, and the complications created by the need for significant discovery to pass through linguistic and national security filters.  This case will require extensive pretrial investigation by the defense and equally extensive pretrial litigation to address legal issues that will frame the scope of the trial.  It will also demand the involvement of a variety of experts, from a variety of disciplines, as consultants and potential witnesses.

MOTION FOR APOINTMENT OF CO- COUNSEL - 1

The Court has previously granted the Government's Motion to Designate the Case as Complex under the Speedy Trial Act and has continued the trial until July 1, 2014. In its moving papers, the United States took the position that the case was "unusual and complex" with in the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), and the Court agreed.

In simplest terms, the case is a three-headed-monster; the defense of which requires counsel to abide by and litigate issues of the Classified Information Procedures Act ("CIPA"), the Foreign Intelligence Surveillance Act ("FISA") and its amendments; and obtain, examine and evaluate the discoverable materials possessed by the Government. The discoverable materials include thousands of written pages, unknown hours of audio and video, hundreds of gigabytes of computer data and witnesses scattered about the globe.

Government counsel has estimated that the first of two 1.5 terabyte hard drives contain roughly 523 gigabytes of data, including 10,695 folders and 49,703 files. That is just the first drive. Another drive provided to the Government will contain more files, more variety (some of the data on the second drive will be from telephones) and an unknown amount of audio and video files for review.

To place the process in perspective, the initial discovery produced by the Government is a "mirror" of the drives on two computers seized from the Defendant's home. The mirrored drive is not readable without special software. Counsel expects to wait for the Government's production of the second 1.5 TB drive, and then ship both drives to a computer consulting and data hosting company in Texas. The consultants there will analyze the drives to determine how many duplicate and application files can be eliminated, and determine how much raw data is on the drives. They will then provide

an estimate of the costs to counsel so that the defense can apply for funds to actually analyze the data and compile a searchable database. They will also recommend a procedure for viewing the files – which we understand to contain audio, video, text and other native files. Government counsel has provided his rough estimate that there are thirty or more hours of video, thirty or more hours of audio, and in excess of 20,000 pages of reports. There are Skype conversations involving foreign nationals, in which the Defendant converses in the Uzebek language. This will require the work of translators and interpreters.

Co-counsel is necessary in this case because of the enormous undertaking that is required to effectively assist Mr. Kurbanov in his defense. Counsel undersigned is informed that there are potential witnesses in Idaho, Utah, Colorado, Michigan, Washington, New York and overseas. We expect to use the services of an investigator to make the first contact with potential witnesses, to reduce the costs associated with the case. Co-counsel's duties will likely involve working on reviewing discovery and assisting with research and drafting motions. We will also be asking the Court to authorize paralegal services so that the cost of going through the data the first time may be reduced.

Counsel undersigned was appointed to this case because the Federal Defender's office was unable to provide sufficient funds within its budget to meet the demands of the appointment. At the time, two lawyers from the Federal Defender's office were working the case. The cuts in Government spending essentially caused that office to be unable to provide the support, resources, and counsel necessary to effectively represent the Defendant.

**MOTION FOR APOINTMENT OF CO- COUNSEL - 3**

There are similar cases pending throughout the United States. In those cases, as this, the Government is represented by a plethora of attorneys. United States Attorney Wendy Olson, Assistant United States Attorneys Aaron Lucoff and Heather Patricco, and United States Department of Justice Trial Attorney Lawrence Schneider have all appeared for the Government. They are joined by an unknown number of investigators, paralegals, translators and experts, not to mention other available Assistant United States Attorneys who may never formally appear.

Counsel undersigned is the sole attorney currently appearing for Mr. Kurbanov. Courtney Peterson, another CJA Panel lawyer and a member of the same firm, has assisted with discovery, and as the case develops she will continue to assist with the defense.

Without the appointment of additional counsel, Mr. Kurbanov's right to the effective assistance of counsel in may be seriously jeopardized. This case could literally take the full time and attention of more than one lawyer. That is likely the reason that the United States has three lawyers appearing on its behalf.

In a similar case brought against Jamshid Muhtorov in Colorado (*United States v. Jamshid Muhtorov* 12-CR-00033-CMA), the Federal Defender's Office recently obtained the appointment of co-counsel from the District's CJA Panel, citing both the complexity of that matter and the effect of cut backs in funding to federal defenders. Counsel undersigned has spoken to the Federal Defender there, and has been advised that appointment of Co-Counsel has also been granted under similar circumstances in the United States District Court, Massachusetts, in another material support case (*United

*States v. Tarek Mehanna*). In that case the Federal Defender serves as lead counsel and Co-Counsel was appointed from the CJA Panel.

Accordingly, Defendant Fazliddin Kurbanov moves this Court to appoint Co-Counsel to represent him in this matter.

Dated this 9th day of September, 2013.

//s//
Charles F. Peterson
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 9th day of September, 2013, I caused a true and correct copy of the foregoing document to be served upon the following person(s) in the following manner:

[ ]    U.S. Mail, Postage Prepaid
[ ]    Express Mail
[ ]    Hand Delivery
[ ]    Facsimile Transmission –
[ ]    Federal Express
[x]    Electronic Transmission

Wendy Olson
Aaron N. Lucoff
United States Attorney's Office
Washington Group Plaza IV, Suite 500
800 East Park Boulevard
Boise, ID 83712

                                                      //s//
                                                      Charles F. Peterson