UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:13-CR-00120-EJL |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| FAZLIDDIN KURBANOV, | |
| Defendant. | |

Pending before the Court in the above-entitled matter is Defendant Fazliddin Kurbanov's Motion for Judgment of Acquittal (Dkt. 256). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Factual Background**

Defendant moved for acquittal under Fed. R. Crim. P. 29 at the close of the Government's case-in-chief. The motion was denied by the Court. On August 12, 2015, the jury verdict was announced in open court finding Kurbanov guilty on Counts 1, 3 and 4 and not guilty on Counts 2 and 5 of the Superseding Indictment. Kurbanov has filed a second motion for acquittal on Counts 1, 3, and 4. Kurbanov moves the Court to enter a judgment of acquittal on all counts or alternatively, for a judgment of acquittal on Count 1 or 4 arguing the Defendant cannot be both guilty of the crime of conspiring to provide

MEMORANDUM DECISION AND ORDER - 1

personnel as well as attempting to provide personnel to the IMU. As to the destructive device count, Defendant argues he should be acquitted as the evidence showed the hollowed out grenade could not be readily assembled into a destructive device. The Government responds the motion is not timely and should be denied on the merits as well.

## Analysis

### 1. Sufficiency of the Evidence

A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir.1985), *cert. denied*, 475 U.S. 1098 (1986); *see Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469 (1942) ("The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.").

Count 1 charged Kurbanov with conspiracy to provide material support or resources to the Islamic Movement of Uzbekistan (IMU)in violation of 18 U.S.C. § 2339B. "Material support or resources" was defined in Jury Instruction 38 as "any property, tangible or intangible, or service, including currency or monetary instruments, or financial securities, financial services, and personnel." Instruction 38 stated the material support or resources that the defendant conspired to provide the IMU, as set forth in the superseding indictment, was personnel, including himself, computer software and money. The jury was instructed they all must agree as to the type of material support or resources that the defendant conspired to provide and that the government must prove beyond a reasonable doubt the defendant conspired to provided one or more of these

MEMORANDUM DECISION AND ORDER - 2

forms of material support or resources.  The verdict form approved by the parties did not require the jury to specify which form of material support or resources they determined the government had satisfied beyond a reasonable doubt. The Court finds there was sufficient evidence at trial for the jury to have found Kurbanov conspired as to all three forms of material support or resources being discussed by Kurbanov in his numerous online communications with representatives of the IMU.

Count 4 of the Superseding Indictment charged Kurbanov with attempt to provide material support in the form of personnel (including the defendant himself) to the IMU in violation of 18 U.S.C. § 2339B. The Court finds there was sufficient evidence at trial for the jury to have found Kurbanov attempted to provide himself as well as other personnel to the IMU and did something that was a substantial step toward committing this crime as defined in Jury Instruction 44. There was testimony in addition to the online communications that the Defendant was considering joining the IMU, he was recruiting his wife, and the jury could have found based on the evidence that Kurbanov was attempting to recruit the Salt Lake City confidential informant.

Count 3 charged Kurbanov with possession of an unregistered firearm –specifically, components from which a destructive device such as bomb, grenade or mine could be readily assembled in violation of 26 U.S.C. § 5861(d). Although disputed by the Defendant, the Court finds in viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty of Count 3 beyond a reasonable doubt. Sufficient evidence was presented to the jury that Kurbanov possessed components that could be readily assembled in to a destructive device,

Kurbanov knew the features of the components could be assembled into a destructive device, Kurbanov intended to use the components as a weapon and the components were not registered to the Defendant in the National Firearms Registration and Transfer Record. Kurbanov's own statements established his knowledge of how to construct a destructive device. There was specific evidence about the components Kurbanov purchased to build a destructive device as well as his interest to use a destructive device to cause harm. There was evidence of Kurbanov building and testing explosives. There was expert testimony that the components at issue in this case could be compiled into a destructive device. There was also evidence that was undisputed that Kurbanov had not registered his components.

Therefore, the Court finds the motion to acquit on all counts should be denied as there was a sufficient evidence presented to the jury to sustain all three counts of conviction.

### 2. Is the Motion Regarding Multiplicity of Charges Timely?

The next issue to be addressed by the Court is whether the constitutional challenge to Count 1 and Count 4 being multiplicitous is timely filed as a post-trial motion. The Court agrees with the Government, that a challenge regarding charges in an indictment being multiplicitous is normally filed as a pretrial motion pursuant to Fed. R. Crim. P. 12(b)(3). However, in this case, the Court also agrees with the Defendant that until the jury returned its verdict of guilty on both the conspiracy and the attempt counts, the multiplicitous argument was arguably not ripe. "Where the two statutory sections

operate independently of one another, "there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes."" *United States v. Josephburg*, 459 F.3d 350,355 (2d Cir. 2006) (*citing Ball v. United States*, 470 U.S. 856, 869 (1985)). Therefore, the Court finds the motion is timely filed as the defense has shown good cause why the argument was not made pretrial.

### 3. Are Counts 1 and 4 Multiplicitous?

Defendant argues since it is unclear from the Verdict Form if the jury found beyond a reasonable Kurbanov had conspired in Count 1 to provide personnel or if he had conspired to provide money, software and personnel or if he had conspired to provide money and software or just money or just software, there is the possibility that Count 1 and Count 4 are multiplicitious. It is undisputed that any one of these factual findings beyond a reasonable could have resulted in a guilty verdict on Count 1. Defendant argues since it is unclear from the Verdict Form what material support or resources the jury found beyond a reasonable doubt, the Court should assume for purposes of this motion that the jury found Kurbanov was conspiring to provide material support or resources that at least included personnel.  Then Kurbanov argues it is unfair and a violation of the Double Jeopardy Clause for the jury to find that he both conspired to provide personnel and that he also attempted to provide personnel to the IMU. The Defendant continues that the result of allowing both convictions to stand subject Kurbanov to double punishment for the crime of conspiring and  attempting to provide personnel which either he actually

MEMORANDUM DECISION AND ORDER - 5

conspired to do or attempted to do, but not both. The Government responds the counts are separate crimes based on different elements of factual proof and are not multiplicitous.

The Double Jeopardy Clause of the Fifth Amendment to the Constitution provides that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  This means a person cannot be tried a second time for the same crime after having been acquitted; a person cannot be tried on the same crime after having been convicted; and a person cannot receive multiple punishments for the same offense. *See United States v. Ahmed*, 2015 WL 1321612, ___ F. Supp. 3d ___ (E.D. New York 2015). The first question the Court must address is whether Count 1 and Count 4 are the same crime.

The conspiracy charge requires an agreement between two or more people to provide material support or resources to a designated foreign terrorist organization. The attempt charge requires no agreement between at least two people, instead it requires that the defendant attempted to provide material support or resources and that the defendant took a substantial step toward committing the crime. Additionally, in this case, the alleged form of material support or resources could be money, software or personnel in Count 1 and only attempt to provide personnel in Count 4. The date of the offense is alleged to have occurred is the same for Count 1 and Count 4: beginning in or about July 2012 and continuing up to and including on or about May 16, 2013.

The Defendant is charged under the same statute for each count: 18 U.S.C. § 2339B which provides in part:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or

MEMORANDUM DECISION AND ORDER - 6

conspires to do so shall be fined . . . or imprisoned not more than 15 years.

Therefore, it appears Congress intended that there are three ways a person can violate § 2339B:  the person can *directly provide* material support or resources, or the person can *attempt* to provide material support or resources or the person can *conspire* with one or more other persons to provide material support or resources.  The inclusion of "attempt" evidences congressional intent to criminalize all aspects of providing material support or resources to foreign terrorist organizations. See e.g., *United States v. Touw*, 769 F.2d 571, 574 (9th Cir.1985); *United States v. Palafox*, 764 F.2d 558,, 560 (9th Cir. 1985) (inclusion of attempt in drug statute criminalizes all aspects of drug trafficking: attempt or conspiring).

In *United States v. Blockburger*, 284 U.S. 299, 304 (1932), the Supreme Court determined the test for multiplicity focuses on the statutory elements of the offense. If each offense requires different elements of proof that the other does not, the counts are not multiplicitous. *See also*, *Ball v. United States*, 470 U.S. 865, 861 (1985).  This is true even if the charges are based on the same conduct as proof. *United States v. McQuisten*, 795 F2d 858 (9th Cir. 1986).

In this case (unlike the factual scenarios in the drug cases), the Court finds it is unclear whether or not the charges found by the jury were based on the same conduct or the same proof. It is entirely possible that the jury did not consider personnel as part of the material support and resources provided in Count 1 or that the proof relied upon to establish Kurbanov attempted to provide personnel in Count 4 was different than the personnel conspired about in Count 1. Additionally, there was sufficient evidence the jury

MEMORANDUM DECISION AND ORDER - 7

could have found Kurbanov guilty of Count 1 *without* having found he conspired to provide personnel to the IMU. A rational finder of fact could have found Kurbanov formed an agreement with IMU representatives to provide money and/or computer software. Further, it is possible the jury found based on the evidence submitted, that Kurbanov's attempt to provide personnel did not involve any agreement with the IMU such that the attempt charge could not merge into the completed conspiracy count.

Based on the evidence submitted in this particular case and *Blockburger*, the Court finds the conspiracy count and the attempt count require different elements and different proofs of fact such that the charges are separate violations under the statute and are not multiplicitous or violation of the Double Jeopardy Clause.

### 4. Do the Convictions on Counts 1 and 4 Result in Duplicative Punishment?

The second part of the analysis is whether even if Count 1 and 4 are separate charges, is it possible that the Defendant is being subjected to duplicative punishment for attempting and conspiring to provide personnel to the IMU. The Double Jeopardy Clause prohibits duplicative punishment for conspiracy and attempt if the defendant was engaged in a single act. *See United States v. Touw*, 769 F.2d 571, 574 (9th Cir. 1985) (*citing United States v. Palafox*, 764 F.2d 558, 561 (9th Cir. 1985) (en banc)). "In *Palafox*, the defendant distributed a sample of heroin and retained the rest with the intent to immediately distribute it to the same people at the same place and at the same time." *Touw* at 574.

MEMORANDUM DECISION AND ORDER - 8

If the Court views the Verdict Form in a light most favorable to Defendant (since it is not clear what specific material support and resources the jury found in Count 1), it is at least possible the Defendant is being subjected to the double punishment for the same factual proof of conspiring and attempting to provide the same personnel (himself and/or others) to the IMU.  If the evidence is viewed in a light most favorable to the Government, the Court finds there was sufficient evidence presented that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt by relying on *different* facts for the verdicts on Counts 1 and 4. For example, if the conspiracy to provide material support or resources in the form of personnel was based on Skype chats for Count 1 wherein Kurbanov agreed with a representative of the IMU to provide himself to the IMU and later Kurbanov attempted at a different time to provide his wife, the Salt Lake City CI or himself as personnel to the IMU, this case would be distinguishable from the example in the *Palafox* case as there would be more than one crime committed based on more than one act and there would be no duplicate punishment.

In the initial Presentence Investigation Report, the offense level is the *same* under the Sentencing Guidelines whether the Defendant was convicted only on Count 1 or only  on Count 4 or was convicted on both counts. The possible difference in punishment which could result in a double punishment for the same conduct in violation of the Double Jeopardy Clause is if the sentence the Defendant receives on Counts 1 and 4 exceeds the statutory maximum of 15 years. The probation officer has calculated the statutory maximum sentence at 30 years for Counts 1 and 4 (15 years on each count) plus

MEMORANDUM DECISION AND ORDER - 9

up to 10 years on the destructive device charge in Count 3 for a total statutory maximum term of imprisonment of 40 years.

It is arguable that if the Court assumes under the rule of lenity and absent evidence to the contrary that the jury found Kurbanov both conspired and attempted to provide personnel, he should not be sentenced to more than 15 years on Counts 1 and 4 in addition to any sentence he receives on Count 3.

Because the parties have not yet had the opportunity to file objections to the Presentence Investigation Report and the Court has not determined the proper sentence for the Defendant in this case, the Court cannot address whether the Defendant is or is not receiving double punishment if the verdicts are viewed in the manner argued by Defendant. At this stage in the litigation, the Court will deny Defendant's portion of the argument relating to double punishment in violation of the Double Jeopardy Clause, but will grant Defendant leave to renew this argument at the sentencing hearing. All other aspects of Defendant's motion for acquittal on all charges is denied.

## Order

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal (Dkt. 256) is **DENIED** subject to leave being granted to Defendant to raise his double punishment argument at the time of sentencing.

Dated: **December 17, 2015**

Honorable Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 10