UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FAZLIDDIN KURBANOV,<br><br>    Defendant. | Case No. 1:13-cr-00120-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

As part of sentencing in this matter, the Court[1] imposed a fine of $250,000. On July 13, 2023, Defendant Fazliddin Kurbanov filed a Motion to Excuse Financial Obligation. Dkt. 316. The Government elected not to respond, and the matter is now ripe for adjudication.

Having reviewed the complete record in this matter and Kurbanov's Motion, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] Upon review, and for the reasons set forth below, the Court DENIES the Motion.

---

[1] Judge Edward J. Lodge presided over this case, including the underlying trial and sentencing. However, due to Judge Lodge taking inactive senior status, the matter was reassigned to the undersigned upon the filing of Kurbanov's motion. Dkt. 317.

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On May 16, 2013, a federal grand jury indicted Kurbanov for aiding a terrorist organization and illegally possessing an unregistered firearm. Dkt. 1. Eighteen months later, a superseding indictment was filed which added additional charges for supporting terrorists. Dkt. 74.

Following a month-long jury trial, Kurbanov was convicted on three of the five alleged counts. Dkt. 253.

Kurbanov was ultimately sentenced to 180 months on Counts One and Four, to be served concurrently, and 120 months on Count Three, to be served consecutively to the other terms to the extent necessary to produce a total term of imprisonment of 300 months. Dkt. 284, at 2. The Court also imposed a $100 special assessment on each count, a $250,000 fine, and three years of supervised release to follow imprisonment. *Id*. at 3, 5.

While serving his sentence, Kurbanov attacked the warden of his facility. He was later charged with, and pleaded guilty to, one count of attempted murder of a federal officer in federal court in California. In 2016, a federal judge imposed a 20-year sentence on that charge, to run consecutive to the sentences Judge Lodge imposed in this case. Kurbanov was subsequently transferred to the Bureau of Prisons' ("BOP") "supermax" facility in Florence, Colorado.

Kurbanov now asks the Court to excuse the $250,000 fine previously imposed in this case. Dkt. 316.

## III. DISCUSSION

Kurbanov does not identify a legal standard for his present motion. He simply asks

that the fine imposed be excused for six reasons: (1) he did not have a good lawyer to argue against a fine; (2) he does not receive financial assistance from any outside sources; (3) he is incarcerated at "supermax" with a mental health designation; (4) he is not a U.S. citizen; (5) a rule change would allow the BOP to garnish funds from his account; and (6) BOP is essentially forcing his family and friends to pay his fine by taking money those individuals deposit in his prison account for his use.

To begin, if the Court construes Kurbanov's Motion as an objection to, or an appeal of, the fine imposed as part of sentencing, it is extremely untimely.

"A court generally may not correct or modify a sentence of imprisonment once it has been imposed." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). "A court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id*. (quoting 18 U.S.C. § 3582(c)(1)(B)).

Rule 35(a) provides that a court may correct a sentence that resulted "from arithmetical, technical, or other clear error," within fourteen days of sentencing. Fed. R. Crim. Pro. 35(a). The Ninth Circuit has held that the fourteen-day deadline is jurisdictional, which means that district courts lose the power to amend a sentence after fourteen days. *Aguilar-Reyes*, 653 F.3d at 1055. Sentencing in this matter took place on January 7, 2016. Dkt. 279. Thus, Kurbanov needed to file this objection or appeal roughly seven years ago.[3]

Rule 35(b) allows a Court, "upon *the government's motion*," to reduce a defendant's

---

[3] Kurbanov did, in fact, appeal his sentence. Dkt. 285. But that appeal concluded on March 15, 2016. Dkt. 315. Thus, even utilizing that date range, Kurbanov is years late in bringing this motion.

MEMORANDUM DECISION AND ORDER - 3

sentence if he or she provides "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. Pro. 35(b). That did not happen in this case.

This aside, a fine that is imposed as part of a sentence "can subsequently be – (1) modified or remitted under section 3573; (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified under section 3742." 18 U.S.C. § 3572(c).

But none of those statutes or rules appear to apply here: § 3573 allows only the government to petition the court to modify or remit a fine (which did not happen here); § 3742 allows a defendant to appeal the amount of a fine imposed only if the amount exceeds that set forth in the applicable guidelines range (which is not the case here); and Rule 35 allows a court to correct a sentence due to a technical error or to reduce a sentence due to a defendant's substantial assistance (which, as already explained, did not happen here).

However, if the Court casts a wide net and gives Kurbanov the benefit of the doubt, it could arguably find that another statute—18 U.S.C. § 3572(d)(1)—is relevant here. Under that statute, a court can order that a prisoner pay a criminal fine "immediately," "on a date certain[,] or in installments." 18 U.S.C. § 3572(d)(1). If the judgment "permits payments in installments," "the defendant [must] notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," and "[u]pon receipt of such notice[,] the court may . . . adjust the payment schedule . . . ." 18 U.S.C. § 3572(d)(3).

Here, Judge Lodge ordered the fine payable immediately, but allowed Kurbanov to submit nominal payments while incarcerated and then on a monthly payment plan once on

MEMORANDUM DECISION AND ORDER - 4

supervised release. Thus, the Court finds this subsection could be utilized to modify the fine or the payment schedule.[4]

The problem here, however, is that none of Kurbanov's proffered reasons for excusing the fine are truly "material changes" in his economic circumstances.

Kurbanov's first reason that he did not have a good lawyer[5] is immaterial, as is his status as a non-citizen. Kurbanov does not cite, and the Court is unaware, of any authority which would support excusing a criminal fine due to such circumstances.

That Kurbanov does not receive financial assistance from others, or that others are now, in effect, paying his fine, do not constitute material changes to Kurbanov's financial circumstances, but rather are the reality most criminal defendants face while incarcerated.

Kurbanov also fails to explain how his change of residency to "supermax" has affected, much less materially changed, his economic circumstances.

Finally, the fact that BOP may impose a new rule[6] regarding when money can be taking from an inmate's account *could* be a material change. But Kurbanov has not provided any details regarding whether (or not) this rule has passed and when this rule may

---

[4] Importantly, this subsection *does not* appear to allow the Court to wholesale excuse a fine it previously imposed; rather, it allows modification of payment schedules. Thus, this section is similarly not a perfect fit for Kurbanov's request. The Court, however, will not continue to search for avenues and methods under which Kurbanov could bring this request, but will simply review the request as an exercise of its discretion.

[5] Moreover, even if Kurbanov had identified any authority to suggest an attorney's purported incompetence could justify excusing a fine, the Court feels compelled to note Kurbanov had an excellent and well-respected criminal defense attorney throughout all stages of his case.

[6] Kurbanov explains the BOP published a proposed rule change in the Federal Register on January 10, 2023. If implemented, Kurbanov maintains the rule would allow the BOP to take 75% of any deposits made into an inmate's trust fund account, including those made by family and friends, as well as 75% of an inmate's incentive and orderly pay. Dkt. 316, at 2. Kurbanov does not offer any additional information about the proposed rule change.

MEMORANDUM DECISION AND ORDER - 5

be implemented. In like manner, he has not explained what funds, if any, the BOP is currently taking from his account. Instead, Kurbanov only mentions a proposed rule change may allow them to do so. Furthermore, even if there was such a rule change, payment of fines is determined according to the BOP's Inmate Financial Responsibility Program in accordance with the Court's sentence. Thus, even if BOP could, or is, taking money from Kurbanov's trust account, it is in accordance with other heavily regulated programs the Court cannot alter.

In sum, none of Kurbanov's justifications for excusing his fine rise to the level necessary for the Court to reconsider the fine previously imposed.

To be sure, Courts should look at a defendant's financial resources as part of its analysis when setting the terms of a fine and/or continuing those terms. U.S.S.G. § 5E1.2(a). But the Court already did so in this case. Judge Lodge specifically considered Kurbanov's limited resources, but nevertheless found that a fine at the high end of the applicable range was appropriate because of Kurbanov's conduct in this case—both in the underlying offense itself and while awaiting sentencing. Dkt. 314, at 89–90. In part, Judge Lodge outlined the extraordinary lengths the United States went to in order to provide Kurbanov a fair trial and an opportunity to utilize every aspect of the criminal justice system. *Id*. at 74–75. Judge Lodge outlined the costs to the United States in this case, highlighting they were "far in excess of a million dollars," and determined that part of the way Kurbanov would be punished for his crime was a hefty fine. *Id*. at 89.

Kurbanov has not provided the Court with any raw numbers regarding his financial circumstances. He simply claims he has limited resources and "will never be able to pay

[the fine] during my lifetime[.]" Dkt. 316, at 2–3. Because of Kurbanov's scant filing, the Court cannot truly know how, and to what extent, his economic situation has changed. But even assuming the worst, the Court would still not excuse the fine imposed or reduce the payment schedule. There was a reason Judge Lodge imposed such a hefty fine in this case. The Court agrees with this analysis and will not deviate from what was set.

## IV. CONCLUSION

Kurbanov's Motion is severely lacking in detail. Nevertheless, the Court has reviewed this case, the sentence imposed, and relevant rules and statutes regarding modifying criminal fines. In the end, the Court finds that the fine imposed remains appropriate under the circumstances. It will not waive or excuse Kurbanov from payment. The Motion is DENIED.

## V. ORDER

It is **HEREBY ORDERED**:

1. Kurbanov's Motion to Excuse Financial Obligation (Dkt. 316) is **DENIED**.

DATED: January 16, 2024

David C. Nye
Chief U.S. District Court Judge